# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | |
|---|---|
| **BASILIA GONZALEZ**, | : |
| Plaintiff, | : |
| | : CASE NO. 2:21-cv-5010 |
| v. | : |
| | : JUDGE |
| **PARKSIDE BEHAVIORAL HEALTHCARE ACQUISITION, INC.**, | : |
| | : MAGISTRATE JUDGE |
| c/o Pam Braden | : |
| Cambridge Behavioral | : **JURY DEMAND ENDORSED HEREON** |
| 66755 State Street | : |
| Cambridge, OH 53725 | : |
| -and- | : |
| **OGLETHORPE, INC.**, | : |
| c/o Raymond, J. Paul | : |
| 625 Court Street | : |
| Suite 200 | : |
| Clearwater, FL 33756 | : |
| Defendants. | : |

## COMPLAINT

Now comes Plaintiff Basilia Gonzalez ("Plaintiff") for her complaint against Defendants Parkside Behavioral Healthcare Acquisition, Inc. ("Defendant Parkside") and Oglethorpe, Inc. ("Defendant Oglethorpe") (collectively Defendant Parkside and Defendant Oglethorpe hereinafter referred to as "Defendants"), hereby states as follows:

### I. JURISDICTION AND VENUE

1. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 for disability discrimination, retaliation, and failure to accommodate in violation of 42 U.S.C. § 12112, *et seq.*, of Title I of the Americans with Disabilities Act of 1990 ("ADA"), as amended ("ADAAA").

Plaintiff also claims of disability discrimination in violation of Ohio Revised Code Chapter 4112 ("Chapter 4112"). Plaintiff brings this action to obtain relief provided in the ADA and Chapter 4112 as a result of Defendants' discriminatory and retaliatory conduct towards her resulting in loss of wages, compensation, and benefits.

2. This Court's jurisdiction in this matter is also predicated upon 28 U.S.C. §1367 as this Complaint raises additional claims pursuant to the laws of Ohio, over which this Court maintains supplemental subject matter jurisdiction because Plaintiff's state law claims are so related to the federal claims that they share a common core of operative facts.

3. Venue is proper in this forum pursuant to 28 U.S.C. §1391, because the Plaintiff entered into an employment relationship with Defendants in Franklin County, Ohio, which is in the Southern District of Ohio and a substantial part of the events or omission giving rise to the claim occurred in the Southern District of Ohio.

## II. PARTIES

### Plaintiff

4. Plaintiff is an individual and resident of Franklin County. Plaintiff brings this action to redress injuries committed against her as a result of Defendants' actions.

5. At all times relevant herein, Plaintiff was an "employee" within the meaning of the ADA and Ohio Revised Code § 4112.01(A)(3).

6. Defendants employed Plaintiff at their facility named The Woods at Parkside as an admissions counselor beginning on July 21, 2020.

### Defendants

7. Defendant Parkside is a Corporation for Profit that operates under the name The Woods at Parkside.

8. Defendant Parkside operates The Woods at Parkside, a recovery and substance abuse treatment facility located in Gahanna, Ohio, where Plaintiff was employed to work.

9. Defendant Oglethorpe is a Florida Profit Corporation with its principal place of business located in Tampa, Florida. Defendant Oglethorpe owns and operates Defendant Parkside, among other facilities, and Defendant Oglethorpe lists The Woods at Parkside on its website as one of its facilities. *See* [https://www.oglethorpeinc.com/facilities-locator](https://www.oglethorpeinc.com/facilities-locator). Defendant Oglethorpe does substantial business in the Southern District of Ohio and employed Plaintiff in the Southern District of Ohio.

10. Defendant Oglethorpe provides management solutions for health centers, wellness clinics, and hospitals that specialize in psychiatric services, drug and alcohol detoxification and rehabilitation, eating disorder therapy, and behavioral health counseling.

11. Defendant Oglethorpe has a direct employment relationship with Defendant Parkside and has retained for itself sufficient control of the terms and conditions of employment of the employees who are employed by Defendant Parkside. Indeed, Defendant Oglethorpe and Defendant Parkside share the same matters governing the essential terms and conditions of employment, including but not limited to (1) interrelation of operations, (2) common management, (3) centralized control of labor relations and personnel, and (4) common ownership and financial control.

12. During relevant times, Defendants maintained control, oversight, and direction over Plaintiff and other similarly situated employees, including the promulgation and enforcement of policies affecting requests for accommodation, the interactive process, and other matters relevant to this action.

13. For these reasons, at all times material herein, Defendants were both jointly an "employer" within the meaning of the ADA, 42 U.S.C. § 12111(5) and Ohio Revised Code § 4112.01(A)(2).

### III. ADMINISTRATIVE PROCEDURES

14. Plaintiff dually filed a Charge of Discrimination with the EEOC and Ohio Civil Rights Commission ("OCRC") on September 10, 2020.

15. On July 14, 2021, the EEOC issued to Plaintiff a Right to Sue Letter.

16. Plaintiff, within 90 days of receipt of the EEOC's Right to Sue Letter, files this Complaint.

### IV. STATEMENT OF FACTS

17. On or about July 21, 2020, Plaintiff began working for Defendants as an admissions counselor.

18. Plaintiff had prior work experience running an admissions department at another treatment center, which made her a highly sought-after employee for this position, and she was offered the job the same day she was interviewed.

19. On Plaintiff's first day of work, Defendants required Plaintiff to submit to a drug screen and begin training.

20. When the drug test results were completed, it showed that Plaintiff tested positive for a drug for which she maintained a prescription. Upon Defendants' request, Plaintiff provided Defendants with her prescription and disclosed the reason for which she has the prescription as part of her treatment.

21. After Plaintiff's positive test result, Defendants' assistant director called Plaintiff to the HR department. There, Defendants' assistant director informed Plaintiff that they cannot continued with her employment because of her prescription.

22. Defendants' assistant director informed Plaintiff that while there are employees at The Woods at Parkside who take the same prescription, Defendant Parkside does not allow employees who take the prescription to work in the admissions department because it is notorious for being a tough department to work in and Defendant Parkside has had problems in that department with past employees with the same prescription.

23. Plaintiff was qualified for the position and could perform the essential functions of her job with or without a reasonable accommodation.

24. In particular, Plaintiff's disability substantially limits her major life activities.

25. Plaintiff requested a reasonable accommodation of performing her job while being allowed to continue to take her prescription.

26. However, Defendants failed to accommodate Plaintiff's request for a reasonable accommodation and failed to engage in the interactive process. Instead, Defendants terminated Plaintiff's employment because of her disability.

V. **CAUSES OF ACTION**

**FIRST CAUSE OF ACTION**
**ADA – Disability Discrimination**

27. All of the preceding paragraphs are realleged as if fully rewritten herein.

28. At all times material herein, Plaintiff was disabled, regarded as disabled, or had a record of an impairment as defined in ADA and/or ADAAA, because she suffered from an impairment that substantially limited her ability to perform several major life activities and/or major life functions.

29. Despite her impairment, Plaintiff was able to perform the essential functions of her job with or without a reasonable accommodation. Accordingly, Plaintiff was an "otherwise qualified" individual.

30. Defendants knew Plaintiff was disabled, regarded her as disabled, and/or otherwise knew that she had a record of an impairment.

31. Defendants treated Plaintiff less favorably than other similarly situated employees without disabilities.

32. Defendants discriminated against Plaintiff because of her disability by taking the following non-exhaustive list of actions: failing to engage in the interactive process, failing to accommodate her disability, retaliating against her, terminating Plaintiff's employment with Defendants, and/or by otherwise discriminating against her in the terms, privileges and conditions of employment while other similarly-situated employees without disabilities received more favorable treatment.

33. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered and will continue to suffer economic and non-economic damages, including but not limited to emotional distress and the loss of compensation, benefits and other terms, privileges and conditions of employment for which Defendants are liable.

34. Defendants' conduct was willful, wanton, reckless and/or malicious for which Defendants are liable for compensatory damages, punitive damages, reasonable attorneys' fees, costs, and other relief available under ADA / ADAAA.

## SECOND CAUSE OF ACTION
### ADA - Failure to Engage in the Interactive Process and Provide Reasonable Accommodations

35. All of the preceding paragraphs are realleged as if fully rewritten herein.

36. At all times material herein, Plaintiff was disabled, regarded as disabled, or had a record of an impairment as defined in ADA and/or ADAAA, because she suffered from an impairment that substantially limited her ability to perform several major life activities and/or major life functions.

37. Despite her impairment, Plaintiff was able to perform the essential functions of her job with or without a reasonable accommodation. Accordingly, Plaintiff was an "otherwise qualified" individual.

38. Defendants knew Plaintiff was disabled, regarded her as disabled, and/or otherwise knew that she had a record of an impairment.

39. Defendants were unwilling to allow Plaintiff to continue working in the admissions department because of her prescription. Consequently, Defendants refused to engage in the interactive process and/or provide a reasonable accommodation.

40. Prior to her termination, Plaintiff indicated her need to continue her medical prescription. The accommodation was not unduly burdensome. Further, Plaintiff did not pose any harm to herself or others.

41. In response to Plaintiff's request for accommodation(s), Defendants refused to engage in the interactive process and further refused to provide reasonable accommodation. Plaintiffs' requested accommodations would not have affected her ability to perform her job responsibilities as admissions counselor.

42. Defendants violated the ADA / ADAAA by failing to accommodate Plaintiff's disabilities and by failing to engage in a good faith interactive process to determine an objectively reasonable accommodation for her disabilities.

43. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered and will continue to suffer economic and non-economic damages, including but not limited to emotional distress and the loss of compensation, benefits and other terms, privileges and conditions of employment for which Defendants are liable.

44. Defendants' conduct was willful, wanton, reckless and/or malicious for which Defendants are liable for compensatory damages, punitive damages, reasonable attorneys' fees, costs, and other relief available under the ADA / ADAAA.

### THIRD CAUSE OF ACTION
### ADA – Retaliation

45. All of the preceding paragraphs are realleged as if fully rewritten herein.

46. This claim is brought under the ADA, pursuant to 42 U.S.C. § 12203(a), which provides that "[n]o person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by [the ADA]…" *See* 42 U.S.C. § 12203(a).

47. Plaintiff engaged in a protected activity by requesting reasonable accommodation.

48. Defendants knew that Plaintiff engaged in a protected activity.

49. Once Plaintiff engaged in the aforementioned protected activity, Defendants purposefully retaliated against Plaintiff by taking the following non-exhaustive list of actions: terminating Plaintiff's employment, refusing to engage in the interactive process, refusing to provide reasonable accommodation, and/or by otherwise discriminating against her in the terms, privileges and conditions of employment while other similarly-situated employees without disabilities received more favorable treatment.

50. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered and will continue to suffer economic and non-economic damages, including but not limited to emotional distress and the loss of compensation, benefits and other terms, privileges and conditions of employment for which Defendants are liable.

51. Defendants' conduct was willful, wanton, reckless and/or malicious for which Defendants are liable for compensatory damages, punitive damages, reasonable attorneys' fees, costs, and other relief available under the ADA / ADAAA.

**FOURTH CAUSE OF ACTION**
**Ohio Revised Code § 4112.02 – Disability Discrimination**

52. All of the preceding paragraphs are realleged as if fully rewritten herein.

53. At all times material herein, Plaintiff was disabled, regarded as disabled, or had a record of an impairment as defined in O.R.C. § 4112.01(A)(13).

54. Despite her impairment, Plaintiff was able to perform the essential functions of her job with or without a reasonable accommodation. Accordingly, Plaintiff was an "otherwise qualified" individual.

55. Defendants knew Plaintiff was disabled, regarded her as disabled, and/or otherwise knew that she had a record of an impairment.

56. Defendants discriminated against Plaintiff because of her disability by taking the following non-exhaustive list of actions: terminating Plaintiff's employment, refusing to engage in the interactive process, refusing to provide reasonable accommodation, and/or by otherwise discriminating against her in the terms, privileges and conditions of employment while other similarly-situated employees without disabilities received more favorable treatment.

57. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered and will continue to suffer economic and non-economic damages, including but not limited to emotional distress and the loss of compensation, benefits and other terms, privileges and conditions of employment for which Defendants are liable.

58. Defendants' conduct was willful, wanton, reckless and/or malicious for which Defendants are liable for compensatory damages, punitive damages, reasonable attorneys' fees, costs, and other relief available under Ohio Revised Code Chapter 4112.

## FIFTH CAUSE OF ACTION
**Ohio Revised Code § 4112.02 – Failure to Engage in the Interactive Process and Provide Reasonable Accommodations**

59. All of the preceding paragraphs are realleged as if fully rewritten herein.

60. At all times material herein, Plaintiff was disabled, regarded as disabled, or had a record of an impairment as defined in O.R.C. § 4112.01(A)(13).

61. Despite her impairment, Plaintiff was able to perform the essential functions of her job with or without a reasonable accommodation. Accordingly, Plaintiff was an "otherwise qualified" individual.

62. Defendants knew Plaintiff was disabled, regarded her as disabled, and/or otherwise knew that she had a record of an impairment.

63. Defendants were unwilling to allow Plaintiff to continue working in the admissions department because of her prescription. Consequently, Defendants refused to engage in the interactive process and/or provide a reasonable accommodation.

64. Prior to her termination, Plaintiff indicated her need to continue her medical prescription. The accommodation was not unduly burdensome. Further, Plaintiff did not pose any harm to herself or others.

65. In response to Plaintiff's request for accommodation(s), Defendants refused to engage in the interactive process and further refused to provide reasonable accommodation. Plaintiffs' requested accommodation would not have affected her ability to perform her job responsibilities as admissions counselor.

66. Defendants violated R.C. § 4112.02 by failing to accommodate Plaintiff's disabilities and by failing to engage in a good faith interactive process to determine an objectively reasonable accommodation for her disabilities.

67. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered and will continue to suffer economic and non-economic damages, including but not limited to emotional distress and the loss of compensation, benefits and other terms, privileges and conditions of employment for which Defendants are liable.

68. Defendants' conduct was willful, wanton, reckless and/or malicious for which Defendants are liable for compensatory damages, punitive damages, reasonable attorneys' fees, costs, and other relief available under Ohio Revised Code Chapter 4112.

### SIXTH CAUSE OF ACTION
### Ohio Revised Code § 4112.02(I) - Retaliation

69. All of the preceding paragraphs are realleged as if fully rewritten herein.

70. This claim is brought under Ohio law, pursuant to Ohio Revised Code § 4112.02(I), *et seq*.

71. Plaintiff engaged in a protected activity by requesting reasonable accommodation.

72. Defendants knew that Plaintiff engaged in a protected activity.

73. Once Plaintiff engaged in the aforementioned protected activity, Defendants purposefully retaliated against Plaintiff by taking the following non-exhaustive list of actions: terminating Plaintiff's employment, refusing to engage in the interactive process, refusing to provide reasonable accommodation, and/or by otherwise discriminating against her in the terms, privileges and conditions of employment while other similarly-situated employees without disabilities received more favorable treatment.

74. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered and will continue to suffer economic and non-economic damages, including but not limited to emotional distress and the loss of compensation, benefits and other terms, privileges and conditions of employment for which Defendants are liable.

75. Defendants' conduct was willful, wanton, reckless and/or malicious for which Defendants are liable for compensatory damages, punitive damages, reasonable attorneys' fees, costs, and other relief available under Ohio Revised Code Chapter 4112.

## VI. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands back pay and benefits, front pay and benefits, and additional damages to be determined at trial, including but not limited to statutory damages, compensatory damages, liquidated damages, punitive damages, pre-judgment interest, post-judgment interest, costs, attorneys' fees, and all other relief the Court deems just and appropriate.

Respectfully submitted,

**COFFMAN LEGAL, LLC**

/s/ *Matthew J.P. Coffman*
Matthew J.P. Coffman (0085586)
Adam C. Gedling (0085256)
Kelsie N. Hendren (100041)
1550 Old Henderson Rd.
Suite #126
Columbus, Ohio 43220
Phone: 614-949-1181
Fax: 614-386-9964
Email: mcoffman@mcoffmanlegal.com
          agedling@mcoffmanlegal.com
          khendren@mcoffmanlegal.com

*Attorneys for Plaintiff*

## JURY DEMAND

Plaintiff requests a trial by a jury of eight (8) persons.

/s/ *Matthew J.P. Coffman*
Matthew J.P. Coffman (0085586)