**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Basilia Gonzalez, | : | |
| Plaintiff, | : | Case No.: 2:21-cv-5010 |
| -vs- | : | Judge Algenon L. Marbley |
| Parkside Behavioral Healthcare Acquisition, Inc., et al. | : | Magistrate Judge Chelsey M. Vascura |
| Defendants. | : | Jury Demand Endorsed Hereon |

## DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT
### (Jury Demand Endorsed Hereon)

Now come Defendants, Parkside Behavioral Healthcare Acquisition, Inc., and Oglethorpe, Inc. (collectively, "Defendants"), by and through undersigned counsel, and for their Answer to Plaintiff's Complaint, sets forth as follows:

## FIRST DEFENSE

For their First Defense, Defendants respond to the numbered paragraphs of Plaintiff's Complaint in like-numbered paragraphs as follows:

1.   Paragraph 1 contains multiple legal conclusions that each require no response. Otherwise, denied to the extent this Paragraph can be construed to assert facts in this case.

2.   Paragraph 2 contains multiple legal conclusions that each require no response. Otherwise, denied to the extent this Paragraph can be construed to assert facts in this case.

3.      Paragraph 3 requires Defendants to accept a false characterization regarding Plaintiff's employment history that Defendants dispute. Otherwise, denied to the extent this Paragraph can be construed to assert facts in this case.

4.      Denied for want of knowledge.

5.      Denied.

6.      Denied.

7.      Admitted.

8.      Paragraph 8 requires Defendants to accept a false characterization regarding Plaintiff's employment history that Defendants dispute. Otherwise, denied to the extent this Paragraph can be construed to assert facts in this case.

9.      Oglethorpe's website speaks for itself. Defendants admit to Paragraph 9 only to the extent that it alleges Oglethorpe is incorporated in Florida. All other averments in this Paragraph are denied.

10.      Admitted.

11.      Denied.

12.      Denied.

13.      Both the ADA and the Ohio Revised Code speak for themselves. Otherwise, denied to the extent Paragraph 13 is inconsistent with either the ADA or the Ohio Revised Code. And denied to the extent this Paragraph can be construed to assert facts in this case.

14.      Admitted.

15.      Admitted.

16.      Admitted.

17.   Denied.

18.   Denied for want of knowledge.

19.   Paragraph 19 requires Defendants to accept a false characterization regarding Plaintiff's employment history that Defendants dispute. Otherwise, admitted only to the extent that Defendants administered a drug screen to Plaintiff.

20.   Denied.

21.   Paragraph 21 requires Defendants to accept a false characterization regarding Plaintiff's employment history that Defendants dispute. Otherwise, denied to the extent this Paragraph can be construed to assert facts in this case.

22.   Denied.

23.   Paragraph 23 contains a legal conclusion that requires no response. Otherwise, denied to the extent this Paragraph can be construed to assert facts in this case.

24.   Paragraph 24 contains a legal conclusion that requires no response. Otherwise, denied to the extent this Paragraph can be construed to assert facts in this case.

25.   Paragraph 25 contains a legal conclusion that requires no response. Otherwise, denied to the extent this Paragraph can be construed to assert facts in this case.

26.   Paragraph 26 contains a legal conclusion that requires no response. Otherwise, denied to the extent this Paragraph can be construed to assert facts in this case.

27.   Defendants reincorporate Paragraphs 1 through 26 as if fully rewritten herein.

28.   Both the ADA and the ADAAA speak for themselves. Otherwise, denied to the extent Paragraph 28 is inconsistent with either the ADA or the ADAAA. And denied to the extent this Paragraph can be construed to assert facts in this case.

29.   Paragraph 29 contains a legal conclusion that requires no response. Otherwise, denied to the extent this Paragraph can be construed to assert facts in this case.

30.   Denied.

31.   Paragraph 31 requires Defendants to accept a false characterization regarding Plaintiff's employment history that Defendants dispute. Otherwise, denied to the extent this Paragraph can be construed to assert facts in this case.

32.   Paragraph 32 requires Defendant to accept multiple false characterizations regarding Plaintiff's employment history that Defendants dispute. Otherwise, denied to the extent this Paragraph can be construed to assert facts in this case.

33.   Paragraph 33 contains a legal conclusion that requires no response. Otherwise, denied to the extent this Paragraph can be construed to assert facts in this case.

34.   Paragraph 34 contains a legal conclusion that requires no response. Otherwise, denied to the extent this Paragraph can be construed to assert facts in this case.

35.   Defendants reincorporate paragraphs 1 through 34 as if fully rewritten herein.

36.   Both the ADA and the ADAAA speak for themselves. Otherwise, denied to the extent Paragraph 36 is inconsistent with either the ADA or the ADAA. And denied to the extent this Paragraph can be construed to assert facts in this case.

37.   Paragraph 37 contains a legal conclusion that requires no response. Otherwise, denied to the extent this Paragraph can be construed to assert facts in this case.

38.   Denied.

39.   Paragraph 39 requires Defendants to accept a false characterization regarding Plaintiff's employment history that Defendants dispute. And this Paragraph

contains a legal conclusion that requires no response. Otherwise, denied to the extent this Paragraph can be construed to assert facts in this case.

40.     Paragraph 40 requires Defendants to accept a false characterization regarding Plaintiff's employment history that Defendants dispute. And this Paragraph contains multiple legal conclusions that each require no response. Otherwise, denied to the extent this Paragraph can be construed to assert facts in this case.

41.     Paragraph 41 requires Defendants to accept a false characterization regarding Plaintiff's employment history that Defendants dispute. And this Paragraph contains a legal conclusion that requires no response. Otherwise, denied to the extent this Paragraph can be construed to assert facts in this case.

42.     Paragraph 42 contains a legal conclusion that requires no response. Otherwise, denied to the extent this Paragraph can be construed to assert facts in this case.

43.     Paragraph 43 contains a legal conclusion that requires no response. Otherwise, denied to the extent this Paragraph can be construed to assert facts in this case.

44.     Paragraph 44 contains a legal conclusion that requires no response. Otherwise, denied to the extent this Paragraph can be construed to assert facts in this case.

45.     Defendants reincorporate Paragraphs 1 through 44 as if fully rewritten herein.

46.     The ADA speaks for itself. Otherwise, denied to the extent Paragraph 46 is inconsistent with the ADA. And denied to the extent this Paragraph can be construed to assert facts in this case.

47.     Paragraph 47 contains a legal conclusion that requires no response. Otherwise, denied to the extent this Paragraph can be construed to assert facts in this case.

48.     Paragraph 48 contains a legal conclusion that requires no response.  Otherwise,
        denied to the extent this Paragraph can be construed to assert facts in this case.

49.     Paragraph 49 requires Defendants to accept multiple false characterizations
        regarding Plaintiff's employment history that Defendants dispute. Otherwise,
        denied to the extent this Paragraph can be construed to assert facts in this case.

50.     Paragraph 50 contains a legal conclusion that requires no response.  Otherwise,
        denied to the extent this Paragraph can be construed to assert facts in this case.

51.     Paragraph 51 contains a legal conclusion that requires no response.  Otherwise,
        denied to the extent this Paragraph can be construed to assert facts in this case.

52.     Defendants reincorporate Paragraphs 1 through 51 as if fully rewritten herein.

53.     The Ohio Revised Code speaks for itself. Otherwise, denied to the extent Paragraph
        53 is inconsistent with the Ohio Revised Code. And denied to the extent this
        Paragraph can be construed to assert facts in this case.

54.     Paragraph 54 contains a legal conclusion that requires no response.  Otherwise,
        denied to the extent this Paragraph can be construed to assert facts in this case.

55.     Denied.

56.     Paragraph 56 requires Defendants to accept multiple false characterizations
        regarding Plaintiff's employment history that Defendants dispute. Otherwise,
        denied to the extent this Paragraph can be construed to assert facts in this case.

57.     Paragraph 57 contains a legal conclusion that requires no response.  Otherwise,
        denied to the extent this Paragraph can be construed to assert facts in this case.

58.     Paragraph 58 contains a legal conclusion that requires no response.  Otherwise,
        denied to the extent this Paragraph can be construed to assert facts in this case.

59. Defendants reincorporate Paragraphs 1 through 58 as if fully rewritten herein.

60. The Ohio Revised Code speaks for itself. Otherwise, denied to the extent Paragraph 60 is inconsistent with the Ohio Revised Code. And denied to the extent this Paragraph can be construed to assert facts in this case.

61. Paragraph 61 contains a legal conclusion that requires no response. Otherwise, denied to the extent this Paragraph can be construed to assert facts in this case.

62. Denied.

63. Paragraph 63 requires Defendants to accept a false characterization regarding Plaintiff's employment history that Defendants dispute. Otherwise, denied to the extent this Paragraph can be construed to assert facts in this case.

64. Paragraph 64 requires Defendants to accept a false characterization regarding Plaintiff's employment history that Defendants dispute. And this Paragraph contains multiple legal conclusions that each require no response. Otherwise, denied to the extent this Paragraph can be construed to assert facts in this case.

65. Paragraph 65 contains a legal conclusion that requires no response. Otherwise, denied to the extent this Paragraph can be construed to assert facts in this case.

66. Paragraph 66 contains a legal conclusion that requires no response. Otherwise, denied to the extent this Paragraph can be construed to assert facts in this case.

67. Paragraph 67 contains a legal conclusion that requires no response. Otherwise, denied to the extent this Paragraph can be construed to assert facts in this case.

68. Paragraph 68 contains a legal conclusion that requires no response. Otherwise, denied to the extent this Paragraph can be construed to assert facts in this case.

69. Defendants reincorporate Paragraphs 1 through 68 as if fully rewritten herein.

70. The Ohio Revised Code speaks for itself. Otherwise, denied to the extent Paragraph 70 is inconsistent with the Ohio Revised Code. And denied to the extent this Paragraph can be construed to assert facts in this case.

71. Paragraph 71 contains a legal conclusion that requires no response. Otherwise, denied to the extent this Paragraph can be construed to assert facts in this case.

72. Denied.

73. Paragraph 73 requires Defendants to accept multiple false characterizations regarding Plaintiff's employment history that Defendants dispute. Otherwise, denied to the extent this Paragraph can be construed to assert facts in this case.

74. Paragraph 74 contains a legal conclusion that requires no response. Otherwise, denied to the extent this Paragraph can be construed to assert facts in this case.

75. Paragraph 75 contains a legal conclusion that requires no response. Otherwise, denied to the extent this Paragraph can be construed to assert facts in this case.

76. Defendants deny Plaintiff's entitlement to her prayer for relief.

## SECOND DEFENSE

77. Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

## THIRD DEFENSE

78. Plaintiff has not suffered any damages. In the alternative, Plaintiff failed to mitigate and/or minimize any damages suffered.

## FOURTH DEFENSE

79. Plaintiff's claims as set forth in Plaintiff's Complaint are barred, in whole or in part, by the doctrines of waiver and/or estoppel.

## FIFTH DEFENSE

80.    Plaintiff failed to exhaust all administrative remedies with respect to the claims asserted.

## SIXTH DEFENSE

81.    One or more of Plaintiff's claims may be barred by the applicable Statute of Limitations.

## SEVENTH DEFENSE

82.    Any decisions or actions taken by Defendants was taken in good faith and based on legitimate, non-discriminatory business factors.

## EIGHTH DEFENSE

83.    All of Defendants' actions towards Plaintiff were taken in good faith and were based upon legitimate, non-discriminatory reasons, unrelated to Plaintiff's alleged protected activity.

## NINTH DEFENSE

84.    Plaintiff's claims fail in whole or in part because Defendants breached no legal duty owed to Plaintiff.

## TENTH DEFENSE

85.    Plaintiff's claim for punitive damages, to the extent that such a claim has been asserted, is barred because the alleged acts or omissions of Defendants did not rise to the level required to sustain an award of punitive damages, do not evidence malicious, reckless, or fraudulent intent to deny Plaintiff her rights, are not so wanton or willful as to support an award of punitive damages, and do not otherwise entitle Plaintiff to punitive damages.

### ELEVENTH DEFENSE

86.     Plaintiff's claim for punitive damages, to the extent that such a claim has been asserted, is barred because an award of punitive damages and the amount sought may violate substantive and procedural safeguards guaranteed to Defendants by the due process clause of the Constitution of the United States of America and the State of Ohio. Plaintiff's claim for punitive damages is further barred to the extent that the imposition of such damages is not rationally related to, or is grossly excessive in relation to, legitimate state interests.

### TWELFTH DEFENSE

87.     Plaintiffs' claim for damages violates the due process clauses of the Federal and Ohio Constitutions.

### THIRTEENTH DEFENSE

88.     Defendants reserve the right to amend this Answer with additional Affirmative Defenses as additional investigation, discovery and circumstances warrant.

### FOURTEENTH DEFENSE

89.     Plaintiff failed to follow procedures and policies that bar her claims.

### FIFTEENTH DEFENSE

90.     Defendants deny all allegations in the Complaint that that are not expressly admitted.

**WHEREFORE**, Defendants pray that judgment be entered in its favor upon Plaintiff's Complaint, together with costs and reasonable attorney fees sustained by Defendants.

Respectfully submitted:


*/s/ Kent Hushion*
Kent Hushion (0099797)
**Reminger Co., L.P.A.**
200 Civic Center Drive, Suite 800
Columbus, Ohio 43215
(614) 228-1311; Fax (614) 232-2410
pkasson@reminger.com
*Counsel for Defendants*


## JURY DEMAND

Now come Defendants and hereby request a jury to hear all of the issues of this case.


*/s/ Kent Hushion*
Kent Hushion (0099797)


## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing document was served on this

4th day of November 2021, upon the following, via electronic mail:

Matthew J.P. Coffman
Adam C. Gedling
Kelsie N. Hendren
1550 Old Henderson Rd.
Suite #126
Columbus, Ohio 43220
mcoffman@mcoffmanlegal.com
agedling@mcoffmanlegal.com
khendren@mcoffmanlegal.com
*Attorneys for Plaintiff*


*/s/ Kent Hushion*
Kent Hushion (0099797)